In the Matter of ALBENSON CORPORATION, Appellant. LEO HOUSE, Respondent.— In a proceeding by a landlord to fix the emergency rent of rooms in an apartment house occupied by a physician for professional purposes, the petitioner appeals from an order, on reargument, which denied a motion to fix the emergency rent and dismissed the petition. Order reversed on the law and matter remitted to Special Term to determine what portion of $65 plus 15% of that portion was the emergency rent as of June 1, 1944, of the space now used for professional purposes, if on such date all the space now occupied for professional services was so occupied; or, if less space was devoted to

business on the freeze date, to determine the reasonable rental value of the space now occupied for business as of that date, plus 15% of such value. The petition and the answering affidavits raise an issue as to whether all the space which must be found to be occupied presently for business purposes was so occupied on June 1, 1944. (Business Rent Law, L. 1945, ch. 314, as amd., § 2.) There is no dispute that in 1942 the entire premises, of which the space here involved is a part, had been leased to this tenant, and that after the expiration of the lease he continued in possession. Neither is there any issue as to the separation by the State Rent Administrator for control of some of the rooms which he has found to be the only rooms occupied as a dwelling. It is agreed that on the freeze date $65 was the rent payable for all the rooms occupied by the tenant. The Administrator has found that the space for dwelling purposes is separable from the business space and has fixed a rent for the dwelling space. While the statute does not specifically provide how the emergency rent shall be fixed where, as here, the same part of an entire letting for a single rental may have been occupied for business purposes on the freeze date, evidence may be received to establish what amount of the total rent may have been allocated by the parties to the space or, in the absence of any agreement for allocation of a specific rental value to the space, evidence may be received to establish what portion of the total rent reasonably was assignable to the space. (Cf. *Matter of Court Sq.. Bldg. [Illustrated Tech. Prod.]*, 273 App. Div. 317; *Matter of Hardwood Sawdust Co. [Metro Export Packers]*, 276 App. Div. 849.) If less than the presently occupied space was occupied for professional purposes on June 1, 1944, the reasonable rental value of the present space as of June 1, 1944, shall be determined. (Cf. *Matter of Zellner [Brooklyn Trust Co.]*, 299 N. Y. 243; *Manuel Realty Corp.* v. *Blank*, 277 App. Div. 884; *Matter of Seasonwein [Katz]*, 277 App. Div. 906.) Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur. [See *post*, p. 752.]